# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03255-NYW

JOHN SNYDER,

      Plaintiff,

v.

BEAM TECHNOLOGIES, INC.,

      Defendant.

---

## MINUTE ORDER

---

Entered by Judge Nina Y. Wang

This matter comes before the Court on Defendant's Unopposed Motion to Restrict (the "Motion" or "Motion to Restrict") [Doc. 104, filed November 23, 2022]. For the reasons that follow, the Motion is respectfully **GRANTED in part** and **DENIED in part**.

As set forth in this Court's previous Minute Order, [Doc. 100], "'[c]ourts have long recognized a common-law right of access to judicial records,' but this right 'is not absolute.'" *JetAway Aviation, LLC v. Bd. of Cnty. Comm'rs of Cnty. of Montrose*, 754 F.3d 824, 826 (10th Cir. 2014) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)). Judges have a responsibility to avoid secrecy in court proceedings because "secret court proceedings are anathema to a free society." *M.M. v. Zavaras*, 939 F. Supp. 799, 801 (D. Colo. 1996). There is a presumption that documents essential to the judicial process are to be available to the public, but access to them may be restricted when the public's right of access is outweighed by interests which favor nondisclosure. *See United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997). Accordingly, courts may exercise discretion and restrict a public's right to access judicial records if that "'right of access is outweighed by competing interests.'" *JetAway*, 754 F.3d at 826 (quoting *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)); *cf. United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) ("[T]he question of limiting access is necessarily fact-bound, [therefore] there can be no comprehensive formula for decisionmaking.").

In exercising that discretion, the Court "'weigh[s] the interests of the public, which are presumptively paramount, against those advanced by the parties.'" *United States v. Dillard*, 795 F.3d 1191, 1205 (10th Cir. 2015) (quoting *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)). The presumption against restriction may be overcome if the party seeking to restrict access to records "articulate[s] a real and substantial interest that justifies depriving the public of access to the records that inform [the Court's] decision-making process." *JetAway*, 754 F.3d at 826 (quotation marks and citation omitted); *Pine Tele. Co. v. Alcatel-Lucent USA Inc.*, 617 F. App'x 846, 852 (10th Cir. 2015) (showing of "significant interest" required). "[A] generalized

allusion to confidential information" is insufficient, as is the bare reliance on the existence of a protective order pursuant to which the documents were filed. *JetAway*, 754 F.3d at 826-27; *see also* D.C.COLO.LCivR 7.2 (stipulations between parties or stipulated protective orders regarding discovery, standing alone, are insufficient to support restriction). But a party may overcome the presumption of public access where the records contain trade secrets, *Alcatel-Lucent*, 617 F. App'x at 852; "business information that might harm a litigant's competitive standing," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); information which "could harm the competitive interests of third parties," *Hershey v. ExxonMobil Oil Corp.*, 550 F. App'x 566, 574 (10th Cir. 2013); private or personally identifiable information, Fed. R. Civ. P. 5.2; or information that otherwise invades privacy interests, *Huddleson v. City of Pueblo*, 270 F.R.D. 635, 637 (D. Colo. 2010), such as personal medical information, *Dillard*, 795 F.3d at 1205 (citing *Nixon*, 435 U.S. at 599).

These principles are reflected in D.C.COLO.LCivR 7.2. Local Rule 7.2(c) is quite clear that a party seeking to restrict access must make a multi-part showing. It must: (1) identify the specific document for which restriction is sought; (2) identify the interest to be protected and the reasons why that interest outweighs the presumption of public access; (3) identify a clear injury that would result if access is not restricted; and (4) explain why alternatives to restricted access— such as redaction, summarization, stipulation, or partial restriction—are not adequate. D.C.COLO.LCivR 7.2(c)(1)-(4).

The Court is disinclined to restrict documents that are substantially relied upon in summary judgment briefing. *See Tracy v. Suncor Energy (U.S.A.) Inc.*, No. 20-cv-01597-WJM-NYW, 2021 WL 5140300, at *2 (D. Colo. Nov. 4, 2021). As the Tenth Circuit has noted, "parties should not routinely or reflexively seek to seal materials upon which they predicate their arguments for relief." *Lucero v. Sandia Corp.*, 495 F. App'x 903, 913 (10th Cir. 2012); *see also Gambale v. Deutsche Bank AG*, 377 F.3d 133, 140 (2d Cir. 2004) ("[D]ocuments used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons.") (quotation omitted). "Concealment of documents that were specifically considered by the Court serves to conceal the judicial process from public view, creating 'secret court proceedings [that] are anathema to a free society.'" *Bragg v. Sw. Health Sys., Inc.*, No. 18-cv-00763-MSK-NRN, 2020 WL 813797, at *3 (D. Colo. Feb. 19, 2020) (quoting *Zavaras*, 939 F. Supp. at 801 (alteration marks in original)).

Defendant Beam Technologies, Inc. ("Defendant" or "Beam") seeks Level 1 Restriction of six Exhibits attached to its Partial Motion for Summary Judgment [Doc. 98]. Plaintiff John Snyder ("Plaintiff" or "Mr. Snyder") does not oppose restriction. *See* [Doc. 104 at 1]. With the above principles in mind, the Court addresses the propriety of restricting each document below.[1]

---

[1] Beam also filed a copy of its Motion for Summary Judgment under Level 1 Restriction. *See* [Doc. 99]. This copy of the Motion for Summary Judgment appears to be identical to the publicly filed version, *compare* [Doc. 98], and Beam does not seek restriction of its Motion for Summary Judgment. *See* [Doc. 104]. Accordingly, the Clerk of Court is **DIRECTED** to **UNRESTRICT** [Doc. 99].

***Exhibits 4 and 5***.  Beam argues that Exhibit 4 [Doc. 99-2] and Exhibit 5 [Doc. 99-3] should remain restricted because "at this juncture, Plaintiff claims that the information on these spreadsheets constitutes a trade secret," and "Colorado courts have specifically held that 'the potential danger from releasing confidential business information or trade secrets may favor nondisclosure.'"  [Doc. 104 at 4–5 (quoting *Greenway Nutrients, Inc. v. Blackburn*, No. 13-cv-01088-MSK-KMT, 2013 WL 12246891, at *1 (D. Colo. May 20, 2013)].  The Court agrees that Exhibits 4 and 5 should remain under Level 1 Restriction.  "Trade-secret status is a question of fact," *Harvey Barnett, Inc. v. Shidler*, 338 F.3d 1125, 1129 (10th Cir. 2003), and until that question is answered by the factfinder, the Court finds it appropriate to maintain restriction of these Exhibits.  *See Pine Tel. Co. v. Alcatel Lucent USA Inc.*, 617 F. App'x 846, 852 (10th Cir. 2015) (a party may overcome the presumption of public access to documents where documents contain trade secrets).  Accordingly, the Motion to Restrict is **GRANTED** with respect to Exhibits 4 and 5.

***Exhibit 6***.  Defendant seeks restriction of Exhibit 6, which it represents is "Guardian's[2] new hire cover sheet for Plaintiff John Snyder."  [Doc. 104 at 1].  This two-page Exhibit contains Plaintiff's basic hiring information, including annual salary, start date, and job title, as well as a checklist of documents due to human resources.  [Doc. 99-4 at 1].  It also represents Plaintiff's termination date and the reason for his termination from Guardian.  [*Id.* at 2].

Defendant argues that restriction of this Exhibit is necessary because it "contains Guardian's hiring and termination information for Plaintiff" and because "Guardian specifically requested for the parties to treat these materials under the 'Attorneys['] Eyes Only" designation.'" [Doc. 104 at 4].  It asserts that public disclosure of this document "could negatively impact Guardian's business and potentially Plaintiff's future employment opportunities."  [*Id.*].  Finally, it contends that redaction is not an adequate means of protecting the information contained in the Exhibit because the Exhibit is "entirely comprised of . . . Guardian's company policies" and the entire document would need to be redacted to avoid disclosure of confidential information.  [*Id.* at 6–7].

The Court respectfully disagrees.  First, the fact that the document was designated as "Attorneys['] Eyes Only" does not automatically mandate restriction in this case; rather, the Court must review the contents of the document to see whether the document contains confidential or proprietary information.  *See L-3 Commc'ns Corp. v. Jaxon Eng'g & Maint., Inc.*, 125 F. Supp. 3d 1155, 1188 (D. Colo. 2015) ("The mere fact that any party—even a third-party . . .—designated the document as sensitive for purposes of a protective order is not grounds for relief under D.C. Colo. L. Civ. R. 7.2(c)(2).").

Moreover, Beam does not identify what information contained in Exhibit 6 is entitled to protection.  *See* [Doc. 104].  The Court cannot conclude that the information contained in Exhibit 6 is particularly sensitive, given that much of the information contained in that document is displayed in other, publicly filed documents in this case.  *See, e.g.*, [Doc. 98 at ¶ 1 (the dates of Mr. Snyder's employment with Guardian); *id.* at ¶ 12 (stating the reason for Mr. Snyder's

---

[2] "Guardian" refers to Guardian Life Insurance Company, for which Mr. Snyder worked from 2006 to 2016.  [Doc. 1 at ¶ 17].

termination from Guardian)].   Moreover, while Mr. Snyder's salary information "might be considered private," *Richardson v. Gallagher*, No. 10-cv-02097-MSK-CBS, 2012 WL 4359116, at *8 n.14 (D. Colo. Sept. 24, 2012), *aff'd*, 553 F. App'x 816 (10th Cir. 2014), the Court notes that this information could have been redacted from the Exhibit "without undermining the reasons for filing the document[]." *Id.* Beam does not explain why the public disclosure of Mr. Snyder's salary information from 16 years ago could meaningfully harm either Mr. Snyder or Guardian. *See* [Doc. 104]. And finally, absent any argument from Beam, the Court cannot conclude that the administrative information contained in the Exhibit—the requirements that a Guardian employee must submit a signed I-9 form, tax forms, or insurance forms upon hire—would cause Guardian a loss of competitive standing.

However, the Court does note that the first page of Exhibit 6 contains a handwritten 10-digit number on the top right corner. Rule 5.2 of the Federal Rules of Civil Procedure states that if a court filing "contains an individual's social-security number . . ., a party or nonparty making the filing may include only . . . the last four digits of the social-security number." Fed. R. Civ. P. 5.2(a)(1). Accordingly, it is **ORDERED** that within **seven (7) days** of this Order, Beam **SHALL CONFER** with Mr. Snyder to determine whether Exhibit 6 must remain restricted pursuant to Rule 5.2. If the document must remain restricted, Beam **SHALL FILE** a public, redacted version of Exhibit 6 that protects the information contemplated in Rule 5.2. If Rule 5.2 does not apply to Exhibit 6, Beam **SHALL FILE** a status report informing the Court of the Rule's inapplicability, at which time the Court will direct the Clerk of Court to unrestrict [Doc. 99-4]. Should no such redacted version be filed, the Court will unrestrict Exhibit 6 at that time.

**Exhibit 2**.   Next, Defendant argues that Exhibit 2, which contains Guardian's employee handbook, *see* [Doc. 99-1], should remain restricted. [Doc. 104 at 4]. Defendant asserts that restriction is appropriate because (1) Guardian designated the document as "Attorney's Eyes Only," and (2) Guardian's "private employee policies . . . are purposefully not available to the public." [*Id.* at 4–6].

While Beam directs the Court to no specific information contained in Exhibit 2 that is confidential or proprietary to Guardian, instead relying on the mere fact that Guardian designated the Exhibit as "Attorney's Eyes Only," *see* [*id.* at 6], this Court notes that Guardian is a third party to this action and the Employee Handbook is marked "INTERNAL USE ONLY." [Doc. 99-1]. Though it is not entirely clear that public disclosure of this document would somehow harm Guardian's competitive standing, the rationale for restricting documents are stronger when third-party competitive concerns are implicated. *See Hershey*, 550 F. App'x at 574. It is also not clear to the Court that Guardian has been given any type of warning that its Employee Handbook might be publicly filed. Accordingly, the Motion to Restrict is **GRANTED** with respect to Exhibit 2, but **the Court specifically advises the Parties that the Court will not restrict reference to or quotation from the Employee Handbook in the course of ruling on the Motion for Partial Summary Judgment or at any proceeding in open court**. To the extent that any Party or Guardian seeks that type of restriction, a further Motion to Restrict must be filed no later than **seven (7) days** after this Order.

**Exhibit 21**.   Beam next contends that Exhibit 21 should remain restricted. [Doc. 104 at 5]. Exhibit 21 is "a blank version of Beam's stock option agreement approved in August 2017," [*id.*

4

at 2], which, according to Beam, contains "the stock's purchase price and vesting schedule." [*Id.* at 4]; *see also* [Doc. 99-6]. Beam argues that public disclosure of this information "could create an unfair competitive advantage negatively impacting Beam, its sales, and its relationships with its customers." [Doc. 104 at 4]. It further argues that the stock option agreement, if disclosed, "would disadvantage Beam's ability to market itself in Beam's best interest to investors and clients. [*Id.* at 6]. The Court agrees that restriction of Exhibit 21 is appropriate here, as public disclosure of this agreement could reveal Beam's confidential financial information, and the risks of harm associated with public disclosure outweigh the presumption of public access. *See Rickaby v. Hartford Life & Accident Ins. Co.*, No. 11-cv-00520-RM-BNB, 2016 WL 1597589, at *5 (D. Colo. Apr. 21, 2016) (granting motion to restrict where public disclosure of documents would reveal commercial and financial information of both a party and third party).

**Exhibit 15**. Finally, Defendant seeks restriction of Exhibit 15 [Doc. 99-5], which "lists Beam's historic sales data and over 4,000 other business's premium amounts," i.e., financial information that is not publicly available and which could "threaten Beam and its clients' competitive standing as a seller and as buyers, respectively, in the insurance market." [Doc. 104 at 5]. This Court has already concluded that this document should remain restricted to protect Beam's financial and proprietary information. *See* [Doc. 100 at 3]. Accordingly, the Motion to Restrict is **GRANTED** as to Exhibit 15.

For these reasons, **IT IS ORDERED** that:

(1)  Defendant's Unopposed Motion to Restrict [Doc. 104] is **GRANTED in part** and **DENIED in part**;

(2)  The Clerk of Court is **DIRECTED** to **MAINTAIN** Level 1 Restriction of [Doc. 99-1; 99-2; Doc. 99-3; Doc. 99-4; Doc. 99-5; Doc. 99-6];

(3)  The Clerk of Court is **DIRECTED** to **UNRESTRICT** [Doc. 99];

(3)  Within **two (2) business days** of this Order, Defendant is **DIRECTED to PROVIDE** a copy of this Minute Order to Guardian so that Guardian can assess whether to intervene with respect to the issue of restriction;

(4)  Within **seven (7) days** of this Order, after conferring with Mr. Snyder, Beam **SHALL FILE** (1) a certification that it has provided a copy of such Minute Order to Guardian and (2) either a redacted version of Exhibit 6 that complies with Rule 5.2 or status report indicating that Rule 5.2 does not apply to Exhibit 6; and

(5)  Within **seven (7) days** of this Order, should any Party or Guardian seek to restrict any reference or quotation of Guardian's Employee Handbook [Doc. 99-1] from any public rulings and/or proceedings, such entity shall file a renewed Motion to Restrict specifically addressing the competitive value of the Employee Handbook.

DATED: December 6, 2022