IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 20-cv-03255-NYW

JOHN SNYDER,

 Plaintiff,

v.

BEAM TECHNOLOGIES, INC.,

 Defendant.

---

## ORDER

---

  This matter is before the Court on Plaintiff's Motion for Reconsideration of the Order on Motion to Exclude Adamy Under Rule 59(e) filed on August 28, 2023 by Plaintiff John Snyder (the "Motion" or "Motion for Reconsideration"). [Doc. 133]. The Motion is fully briefed, and the Court finds that oral argument would not materially assist in the resolution of this matter. For the reasons set forth in this Order, the Motion for Reconsideration is respectfully **DENIED**.

## BACKGROUND

  The factual background of this case has been set forth in this Court's prior Orders, *see* [Doc. 46; Doc. 123], and the Court reiterates it here only as necessary for purposes of this Order. Plaintiff John Snyder ("Plaintiff" or "Mr. Snyder") began working for Defendant Beam Technologies, Inc. ("Defendant" or "Beam") in August 2018. [Doc. 98 at ¶ 23; Doc. 105 at ¶ 23]. Plaintiff alleges that Defendant made various promises to him to entice him to move from Arizona to Colorado to work for Beam and that he relied on

those promises when he accepted Beam's offer of employment.  *See, e.g.*, [Doc. 23 at ¶¶ 1, 115].  According to Mr. Snyder, Beam did not follow through on its promises.  [*Id.* at ¶¶ 185, 187–88].  Beam terminated Mr. Snyder's employment on November 16, 2018.  [Doc. 98 at ¶ 29; Doc. 105 at ¶ 29].

Mr. Snyder initiated this lawsuit against Beam on October 30, 2020, [Doc. 1], and filed an Amended Complaint on February 9, 2021, asserting six claims against Beam: (1) misappropriation of trade secrets in violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836; (2) misappropriation of trade secrets under the Colorado Uniform Trade Secrets Act, Colo. Rev. Stat. § 7-74-101; (3) a claim for obtaining workmen by misrepresentation under Colo. Rev. Stat. § 8-2-104; (4) fraudulent misrepresentation; (5) negligent misrepresentation; and (6) promissory estoppel, [Doc. 23 at ¶¶ 191–255].  Defendant subsequently filed a Motion to Dismiss, *see* [Doc. 30], which this Court granted in part, dismissing only Plaintiff's negligent misrepresentation claim, *see* [Doc. 46 at 5, 45].  Then, on November 11, 2022, Beam filed a Motion for Summary Judgment, seeking judgment in its favor on each of Mr. Snyder's remaining claims.  [Doc. 98].  This Court granted the Motion for Summary Judgment in part.  [Doc. 123].  It granted summary judgment in Defendant's favor on Plaintiff's two misappropriation claims, but denied summary judgment on Plaintiff's remaining three claims for obtaining workmen by misrepresentation, fraudulent misrepresentation, and promissory estoppel.  *See generally* [*id.*].

Relevant here, Defendant also filed a Motion in Limine to Preclude Testimony of John Snyder's Expert Witness Nicholas A. Adamy (the "Motion to Exclude"), seeking to exclude the expert testimony of Plaintiff's damages expert, Nicholas Adamy ("Mr.

Adamy"). *See generally* [Doc. 91]. Among other concerns, Defendant took issue with the portions of Mr. Adamy's expert report that calculated or opined about damages arising out of "Plaintiff's wrongful termination claim." *See* [*id.* at 1–2, 8–9]; *see also, e.g.*, [Doc. 95-1 at 4, 13, 16]. Beam argued that any such testimony is irrelevant to this case and would confuse the jury because Mr. Snyder had not asserted any claim for wrongful termination, and because "the elements of the measure of damages Mr. Adamy analyzes in this wrongful termination section [of Mr. Adamy's report] are not recoverable under other claims made in this lawsuit." [Doc. 91 at 8].

Mr. Snyder opposed the Motion to Exclude ("Response to Motion to Exclude"). With respect to Defendant's argument that Mr. Adamy had opined on damages not available under the claims in this case, he argued that Defendant's request to exclude these opinions was simply a "play on semantics." [Doc. 97 at 4]. He asserted that Mr. Adamy's reference to the term "wrongful termination" in his report was "used to refer to Plaintiff's claims under Colorado's Obtaining Workers by Misrepresentation statute, and for fraudulent misrepresentation, and promissory estoppel." [*Id.*]. He also stated that "[b]ecause the[se] . . . claims permit Plaintiff to recover lost earnings, Mr. Adamy's opinion regarding the same is clearly relevant and admissible under Fed. R. Evid. 702." [*Id.* (citing Colo. Rev. Stat. § 8-2-107, and *Kiely v. St. Germain*, 670 P.2d 764 (Colo. 1983))]. This was the entirety of Mr. Snyder's responsive argument on this point. *See* [*id.*].

On July 31, 2023, this Court granted Defendant's Motion to Exclude in relevant part, excluding Mr. Adamy's damages testimony concerning lost wages. [Doc. 127 at 16]. At the outset of its Order, the Court noted that Defendant's argument about availability of damages would have been more appropriately raised at the summary-judgment stage,

3

but nevertheless concluded that it could resolve the argument in the context of the Rule 702 motion. [*Id.* at 7–8]. The Court then went through each of Plaintiff's remaining three claims and explained why lost wages damages are not legally recoverable for those claims. *See* [*id.* at 6–16]. And because these types of damages are not available for Plaintiff's remaining claims, the Court concluded that expert testimony about lost wages "would not assist the jury in its fact-finding functions" and "would only serve to confuse the jury and inject unnecessary and irrelevant issues into the trial." [*Id.* at 15]. This Court subsequently set this case for a five-day jury trial to begin on March 11, 2024. *See* [Doc. 129].

Then, on August 28, 2023, Mr. Snyder filed the instant Motion for Reconsideration. [Doc. 133]. He argues that the question presented in the Motion to Exclude was "whether the claims presented permit Mr. Snyder to recover lost wages as a matter of law, not whether the facts of this case permit the recovery of lost wages." [*Id.* at 1 (emphasis omitted)]. He contends that the Court erroneously engaged in a sua sponte factual analysis in its Order, without briefing from the Parties, and that his due process rights were therefore violated. [*Id.* at 2, 6–8]. Beam has responded in opposition to the Motion for Reconsideration, [Doc. 134], and Mr. Snyder has replied, [Doc. 137]. The Court addresses the Parties' arguments below.

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not expressly contemplate motions for reconsideration. *See Hatfield v. Bd. of Cnty. Comm'rs*, 52 F.3d 858, 861 (10th Cir. 1995). Plaintiff's Motion is filed under Rule 59(e), which states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R.

4

Civ. P. 59(e). However, no judgment has been entered in this case. Accordingly, the Court will construe the Motion as having been filed under Rule 60(b). *See Marotta v. Cortez*, No. 08-cv-02421-CMA-CBS, 2010 WL 1258022, at *1 (D. Colo. Mar. 29, 2010) (construing motion filed under Rule 59(e) as Rule 60(b) motion where judgment had not yet been entered), *aff'd*, 480 F. App'x 480 (10th Cir. 2012). Under Rule 60(b), a court may grant relief from a court order for the following reasons:

(1)  mistake, inadvertence, surprise, or excusable neglect;

(2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4)  the judgment is void;

(5)  the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)  any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)–(6).

As a general principle, courts grant motions to reconsider where there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Motions to reconsider are generally an inappropriate vehicle to advance 'new arguments, or supporting facts which were available at the time of the original motion.'" *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv. II, LLC*, No. 14-cv-00134-PAB-KMT, 2015 WL 3542699, at *2 (D. Colo. June 5, 2015) (quoting *Servants of the Paraclete*, 204 F.3d at 1012). And "[t]he Tenth Circuit

has made it abundantly clear that a motion for reconsideration is not a vehicle for a losing party to revisit issues already addressed." *Seabron v. Am. Fam. Mut. Ins. Co.*, No. 11-cv-01096-WJM-KMT, 2012 WL 3028224, at *1 (D. Colo. July 24, 2012) (citing *Servants of the Paraclete*, 204 F.3d at 1012). "[T]he decision to grant reconsideration is committed to the sound discretion of the district court." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995).

## ANALYSIS

First, Plaintiff contends that he was deprived of the opportunity to brief the issue of whether future lost wages are available for his remaining three claims in this case. *See* [Doc. 133 at 4–8]. The Court is unpersuaded by this argument. In the Motion to Exclude, Beam expressly argued that Mr. Adamy's opinions about lost wages were not relevant to the claims in this case. *See, e.g.*, [Doc. 91 at 1 ("the associated measure of damage [i.e., lost wages] is not available for the causes of action alleged"); *id.* at 2 ("Beam is unaware of any case that permits wrongful termination damages for the claims that are alleged in this lawsuit. If Mr. Adamy is permitted to testify, he should at least be precluded from testifying on wrongful termination and his related analysis because any testimony is facially irrelevant in the absence of a claim for wrongful termination and would prejudice Beam."); *id.* at 8 (arguing that calculations of lost wages are "irrelevant to this suit" and "not recoverable under other claims made in this lawsuit"); *id.* at 9 ("[L]ost earnings are only recoverable when there is a wrongful termination or personal injury claim. Beam is unaware of any case that permits lost earnings for a misrepresentation claim." (citation omitted)); *id.* ("[A]lthough Mr. Adamy opines that Beam owes Plaintiff a significant sum in

6

lost earnings relating to wrongful termination, such calculations are irrelevant and should not be introduced.")].

Plaintiff was plainly on notice of Defendant's argument that lost wages are not available for the claims in this case and that, as a result, Mr. Adamy's testimony about lost wages should be excluded as irrelevant. But instead of explaining to the Court why Mr. Adamy's testimony was relevant to the specific claims remaining in this case, Mr. Snyder dedicated a single paragraph to Defendant's argument, asserting that Defendant's position was simply a "play on semantics," that Mr. Adamy's reference to "wrongful termination" in his expert report was really a reference to Plaintiff's misrepresentation claims, and concluding, without supporting argument, that his "claims permit Plaintiff to recover lost earnings." [Doc. 97 at 4]. But as noted by the Court several times in its Order, *see, e.g.*, [Doc. 127 at 10–12, 14], Plaintiff did not advance any substantive argument explaining why Mr. Adamy's lost wages opinions are relevant to the claims in this case. Nor did he, at any time, suggest that Defendant was actually seeking summary judgment—rather than a ruling pursuant to Rule 702 of the Federal Rules of Civil Procedure—on any demand for lost wages. *See generally* [Doc. 97]. He cannot now use his Motion for Reconsideration to raise arguments that were previously available to him but not raised in his Response to the Motion to Exclude. *Servants of the Paraclete*, 204 F.3d at 1012.

Similarly, the Court respectfully disagrees with Plaintiff's contention that this Court improperly made factual determinations, or made a "summary judgment" ruling, in deciding the Motion to Exclude. *See* [Doc. 133 at 2, 5, 7]; *see also* [Doc. 137 at 1–2 (in his Reply, Plaintiff arguing that this Court "held that damages for lost wages are available

in this case" but "*sua sponte* analyzed the facts to determine whether there is sufficient evidence to support a claim for lost earnings")]. The Court did not hold that lost wages are available in this case, make factual findings, or weigh evidence in its Order on the Motion to Exclude. Instead, this Court set out a brief recitation of Plaintiff's allegations, *see* [Doc. 127 at 8], and then set out the law governing the availability of lost earnings damages, recognizing that although lost wages are typically not available after a plaintiff's termination, there are some limited circumstances in which they may be available, such as when an employee was promised employment for a certain period of time, *see* [*id.* at 8–10]. Then, in the course of highlighting Plaintiff's abbreviated argument concerning the relevancy of Mr. Adamy's opinions, the Court explained that not only had Plaintiff not provided any support for his position in his Response to the Motion to Exclude, but the Court observed no other support for Plaintiff's position elsewhere in the case record. *See* [*id.* at 10]. The Court was not required to search the record for support for Plaintiff's position, *see Eateries, Inc. v. J.R. Simplot Co.*, 346 F.3d 1225, 1232 (10th Cir. 2003), or perform legal research or make arguments on behalf of Plaintiff, *see United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself."); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that the court has no obligation to make arguments or perform research on behalf of litigants), and it did not make factual or evidentiary findings or rely on other documents in the record in ruling on the Motion to Exclude.

The Court then analyzed the availability of lost-wages damages, as a matter of law, for each of Plaintiff's remaining claims. Turning first to the obtaining-workmen-by-

misrepresentation claim, after again noting Plaintiff's lack of argument explaining why lost wages are recoverable in this context, the Court concluded that lost wages are not available for this claim. [Doc. 127 at 11]. The Court noted that the statute permits recovery of damages sustained "*in consequence of* . . . false or deceptive representations," *see* Colo. Rev. Stat. § 8-2-107 (emphasis added), and concluded that, as a matter of law, any lost wages would not be a "consequence of" Defendant's alleged misrepresentations, but instead Plaintiff's termination from Beam, [Doc. 127 at 11]. Notably, while Plaintiff had cited § 8-2-107 in his Response to the Motion to Exclude, he had raised no argument interpreting the statute or explaining why lost wages are recoverable in this case. *See* [Doc. 97 at 4]. The Court's passing reference to the Parties' summary judgment briefing in its Order, *see* [Doc. 127 at 11 ("[I]t is undisputed that Mr. Snyder was unemployed from August 2016 until his employment with Beam. . . . Mr. Snyder has not directed the Court to any evidence that he somehow lost wages from *other* employment, or lost out on other opportunities, due to Beam's alleged inducement of his move to Colorado.")], does not amount to a factual finding, but instead emphasized that even if Plaintiff could argue that he lost wages because he lost out on other employment opportunities by accepting Beam's offer—an argument that *he did not make*—the Court was not aware of any basis for such a contention.

Then, as to Mr. Snyder's fraudulent misrepresentation claim, the Court concluded that lost wages were also not recoverable for this claim because damages must be traceable to Defendant's alleged conduct, *see Clark v. Green Tree Servicing LLC*, 69 F. Supp. 3d 1203, 1223 (D. Colo. 2014), and because "Mr. Snyder ma[de] no argument explaining why his future lost wages are a 'natural and proximate' cause of Beam's

9

alleged misrepresentations," [Doc. 127 at 12]. Insofar as the Court stated that "there is no indication that had Beam's representations been true, Plaintiff would still be employed by Beam," [*id.*], this was again a reference to Plaintiff's failure to present any argument explaining why he could recover lost wages if successful on his fraudulent misrepresentation claim. And finally, as for Plaintiff's promissory estoppel claim, the Court again noted that Plaintiff "ma[de] no argument explaining why these damages are available for this claim" and "[did] not explain[] how his future lost wages fit within his promissory estoppel claim." [*Id.* at 13–14]. Plaintiff had provided only an undeveloped citation to *Kiely v. St. Germain*, 670 P.2d 764 (Colo. 1983), which this Court explained is distinguishable from this matter. *See* [Doc. 127 at 13]. While the Court did refer back to allegations in the Amended Complaint, it did not make factual findings or weigh evidence, but simply emphasized again that there was no support for Plaintiff's position from the Court's review of the record—a review it was not required to do. *See Eateries*, 346 F.3d at 1232.

In sum, the Court's Order rested not on sua sponte factual determinations, but was primarily based on Plaintiff's failure to meet his burden to demonstrate the relevance of Mr. Adamy's opinions. *See* [Doc. 127 at 10–14]. *Shepherd v. Liberty Acquisitions, LLC*, No. 11-cv-00718-CMA-MEH, 2013 WL 1117046 (D. Colo. Mar. 15, 2013), on which Plaintiff relies, is thus distinguishable from this matter. Even setting aside the Court's reference to other documents in the case record, the Court's conclusion would remain unchanged. As the proponent of expert testimony, Plaintiff bore the burden of demonstrating that Mr. Adamy's testimony was relevant and admissible. *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc). Plaintiff elected to address

Defendant's relevance argument in an abbreviated fashion and cannot now raise more substantive arguments in his Motion for Reconsideration. *See Servants of the Paraclete*, 204 F.3d at 1012. And to the extent that Mr. Snyder takes issue—for the first time in his Reply—with the Court's determination that Plaintiff would be precluded from offering "any evidence or argument as to lost wages, regardless of the witness," *see* [Doc. 127 at 16 n.6]; *see also* [Doc. 137 at 1], any such argument has been waived, *see White v. Chafin*, 862 F.3d 1065, 1067 (10th Cir. 2017) (arguments raised for the first time in a reply brief are deemed waived).

Finally, Mr. Snyder takes issue with this Court's reliance on *Auraria Student Housing at the Regency, LLC v. Campus Village Apartments, LLC*, No. 10-cv-02516-WJM-KLM, 2014 WL 4651643 (D. Colo. Sept. 18, 2014), when it concluded that the Court could resolve the issue of available damages in ruling on the Rule 702 motion. *See* [Doc. 133 at 3–4]. Mr. Snyder contends that *Auraria Student Housing* is distinguishable because in that case, the issue of available damages was a question of law for the court, while in this case, the issue of available damages is a question of fact for the jury. [*Id.* at 4].

The Court is respectfully unpersuaded by this argument. First, as explained above, the Court decided as a matter of law that lost wages are not available for Plaintiff's claims in this case, given Plaintiff's failure to meet his burden of demonstrating the availability of these damages and the relevancy of Mr. Adamy's opinions. *See Nacchio*, 555 F.3d at 1241. The determination of whether the law permits certain categories of damages is for the Court to decide, not the jury. Second, the Court cited *Auraria Student Housing* as an example of "at least one other court in this district [that] ha[d] excluded expert testimony

11

under Rule 702 on the basis that the type of damages opined about were not available under the applicable statute." [Doc. 127 at 7]. The Court did not suggest that *Auraria Student Housing* is directly on point with this case, nor did the Court rely exclusively on *Auraria Student Housing*; the Court also explained that it was appropriate to consider the issue in the Rule 702 context because neither Party, including Plaintiff, had argued that the Court could not decide the legal question in this context, *see* [*id.*], and further found that both Parties, including Plaintiff, had had an opportunity to brief the issue, [*id.* at 8]. *Auraria Student Housing* was one case the Court chose to cite, but it is not the only case in which a federal court has decided that expert testimony concerning an unavailable category of damages would not be relevant or helpful to the jury. *See, e.g.*, *New Mexico v. Gen. Elec. Co.*, 335 F. Supp. 2d 1266, 1276 (D.N.M. 2004) ("The court need not examine the Rule 702 reliability of Dr. Brookshire's market value replacement cost computations or Mr. Johnson's construction and water replacement cost estimates because neither analysis remains relevant to the issues remaining to be tried." (emphasis omitted)); *In re Scotts EZ Seed Litig.*, No. 7:12-cv-04727-VB-PED, 2017 WL 3396433, at *10 (S.D.N.Y. Aug. 8, 2017) ("[B]ecause this damages model does not relate to an issue in the case, it is not relevant or admissible."); *Venerus v. Avis Budget Car Rental, LLC*, No. 6:13-cv-00921-CEM-GJK, 2021 WL 9595511, at *8 (M.D. Fla. July 28, 2021) ("[A]ny opinions on this theory of damages are irrelevant to the current proceedings. Plaintiff is not pursuing any such damages on behalf of the class, nor could she."). To the extent that Plaintiff takes issue with this Court citing a case that neither of the Parties cited, *see* [Doc. 133 at 3 n.1], this Court routinely conducts independent legal research to round out

12

the legal authority cited by parties and is not constrained to the parties' provided legal authority.

For all of these reasons, the Court does not find that reconsideration of its prior Order is warranted.  The Motion for Reconsideration is respectfully **DENIED**.

### CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1)   Plaintiff's Motion for Reconsideration of the Order on Motion to Exclude Adamy Under Rule 59(e) [Doc. 133] is **DENIED**.

DATED:  December 4, 2023

BY THE COURT:

_____
Nina Y. Wang
United States District Judge

13