**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 20-cv-3255-WJM

JOHN SNYDER,

      Plaintiff,

v.

BEAM TECHNOLOGIES, INC.,

      Defendant.

---

**ORDER GRANTING IN PART, DENYING IN PART, AND DENYING AS MOOT IN PART DEFENDANT'S OMNIBUS MOTION *IN LIMINE***

---

Before the Court is Defendant Beam Technologies, Inc.'s ("Beam" or "Defendant") Omnibus Motion *in Limine* (the "Motion").  (ECF No. 187.)  Plaintiff John Snyder filed a response.  (ECF No. 199.)  At the Court's direction, Beam filed a reply.  (ECF No. 210.)

The Court presumes the parties' familiarity with the factual background of this case from, among other sources, United States District Judge Nina Y. Wang's prior Orders on Beam's dispositive motions, and thus proceeds directly to the merits of the Motion.  (ECF Nos. 46, 123.)  For the reasons set forth below, the Motion is granted in part, denied in part, and denied as moot in part.

## I.    LEGAL STANDARD

Motions *in limine* enable the Court "to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Michael v. Rocky Mountain Festivals, Inc.*,

2019 WL 10011881, at *1 (D. Colo. July 19, 2019) (citation omitted); *Ward v. Nat'l Credit Sys., Inc.*, 2024 WL 2846609, at *3 (D. Colo. June 5, 2024) ("Pretrial rulings issued in response to motions in limine can save time during trial as well as cost and effort for the Parties as they prepare their cases."). Pretrial rulings, however, "are often better left until trial when the Court can assess the question and evidence presented." *Colorado Montana Wyoming State Area Conf. of NAACP v. Smith*, 2024 WL 2939163, at *2 (D. Colo. June 11, 2024) (citing *Vanderheyden v. State Farm Mut. Auto. Ins. Co.*, 2022 WL 4131439, at *2 (D. Colo. Sept. 12, 2022)).

Whether to admit or exclude evidence is a decision that "lies within the sound discretion of the trial court." *Robinson v. Mo. Pac. R.R. Co.*, 16 F.3d 1083, 1086 (10th Cir. 1994). The moving party has the burden of establishing that the "evidence is inadmissible on any relevant ground." *Pinon Sun Condo. Ass'n, Inc. v. Atain Specialty Ins. Co.*, 2020 WL 1452166, at *3 (D. Colo. Mar. 25, 2020) (citation omitted). Accordingly, the Court may deny a motion *in limine* if the movant fails to set out, with the necessary specificity, the evidence it wishes to be excluded. *Id.* Denial of a motion *in limine*, however, does not mean that the evidence will automatically be admitted at trial; rather, "the court may alter its limine ruling based on developments at trial or on its sound judicial discretion," upon a party's timely objection. *Id.* (quotation omitted).

Under Rule 401 of the Federal Rules of Evidence, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence is generally admissible but may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the

2

issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  "Irrelevant evidence is not admissible."  Fed. R. Evid. 402.

## II.   ANALYSIS

Beam moves to preclude Snyder from introducing two categories of evidence at trial: (1) evidence regarding "the purported monetary value of the Guardian Spreadsheets" and (2) "[e]vidence or argument as to Beam fundraising or company value."  (ECF No. 187 at 5.)[1]  Beam acknowledges these are "related" categories of evidence.  (*Id.* at 5.)  And indeed, Snyder virtually does away with the categorical distinction and instead frames his response in terms of the "subjective" evidence he *will* introduce during his case-in chief, and the "objective" evidence he *may* introduce if Defendant "opens the door."  (ECF No. 199 at 1.)  The Court structures its analysis in accordance with Snyder's representations.

## A.   Evidence of Beam's Subjective Perception of the Spreadsheets' Value

First, Snyder explains that, "regardless of Defendant's trial strategy," he "will present contemporaneous evidence demonstrating Beam's own perception of the spreadsheets' value, including Beam's characterization of the spreadsheets as a 'gold mine,' its plans to monetize them, and its belief that the spreadsheets would enhance

---

[1] Before taking up these contested evidentiary issues, Beam's Motion first briefly addresses an evidentiary matter as to which the parties have reached an agreement.  (ECF No. 187 at 3.)  Similarly, Beam appends to the Motion a list of "Joint Stipulations Regarding Motions in Limine" containing still additional agreements the parties have reached regarding the admissibility (or inadmissibility) of certain categories of evidence.  (ECF No. 187-3.)

The Court appreciates the parties' efforts to minimize their disputes through conferral and, in general, will hold the parties to their stipulations at trial.  However, the Court sees little need to memorialize those stipulations in this Order.

Beam's fundraising efforts." (ECF No. 199 at 1.)  He asserts such evidence is probative of "Defendant's motive, intent, and the materiality of the representations underlying Snyder's remaining fraud claims." (*Id.*)  That is, he argues such evidence "tends to explain ***why*** Beam recruited Snyder, ***why*** it sought possession of his spreadsheets, and ***why*** Beam allegedly made promises it never intended to honor." (*Id.* at 4 (emphasis in original).)

The Court generally agrees with the legal premise of Snyder's argument. Snyder's fraudulent misrepresentation claim requires him to demonstrate at trial that Beam "made a 'knowing misrepresentation of material fact.'" *Clark v. Green Tree Servicing LLC,* 69 F. Supp. 3d 1203, 1224 (D. Colo. 2014) (quoting *Williams v. Boyle,* 72 P.3d 392, 399 (Colo. App. 2003)).  In her earlier order on Beam's motion to dismiss, Judge Wang emphasized that the hallmark of "a misrepresentation claim based on a future promise" is "the *present intent* not to perform." (ECF No. 46 at 33 (citing *Alpine Bank v. Hubbell,* 555 F.3d 1097, 1107–08 (10th Cir. 2009); *High Country Movin', Inc. v. U.S. West Direct Co.,* 839 P.2d 469, 471 (Colo. App. 1992)) (emphasis added).)  Likewise, Judge Wang has held that "a claim under § 8-2-104 . . . based on the failure to fulfill a future promise" requires that "the defendant had no intention of fulfilling that promise at the time of the misrepresentation." (ECF No. 46 at 40.)  Evidence demonstrating that Beam was motivated to hire Snyder in August 2018 because it believed him be in possession of valuable business information that would further its then-existing fundraising objectives would thus tend to explain why Beam made certain misrepresentations to Snyder during his recruitment despite having no "intent to perform as promised." *Hubbell,* 555 F.3d at 1108.

Beam, notably, does not quibble with the notion that "fraud may be shown by circumstantial evidence." (ECF No. 210 at 3.) Instead, it takes issue with the specific evidence Snyder cites to demonstrate his argument. For instance, Snyder alludes to evidence in which "Defendant, itself, referred to the spreadsheets as a 'gold mine'" as exemplary of "Defendant's subjective perception of [the Spreadsheets'] value." (ECF No. 199 at 5–6.) But Beam points out that "[t]he 'gold mine'" remark was made by a Beam employee in response to Snyder sending a portion of the Spreadsheets to her *over a month after he had already been hired*. (ECF No. 210 at 4.) Similarly, Snyder broadly cites an excerpt of the deposition transcript of Beam's CFO, presumably as evidence of Beam's "plans to monetize [the Spreadsheets], and its belief that the spreadsheets would enhance Beam's fundraising efforts." (ECF No. 199 at 1.) But Beam contends the cited deposition testimony is no evidence that *Beam* believed "that the spreadsheets would enhance Beam's fundraising efforts" because it was elicited in response to a line of questioning by Plaintiff's counsel about the revenue Beam "hypothetical[ly]" generated in 2019. (ECF No. 187-1.)[2]

The Court, too, is hard-pressed to see how this *post hoc* evidence is probative of Beam's fraudulent intent in making the alleged misrepresentations during Snyder's recruitment. Moreover, it is particularly wary of any argument Snyder intends to make

---

[2] Despite Snyder's admission in its briefing that it is not relevant "[w]hether the spreadsheets were worth $60,000, $13.7 million, or nothing at all," the cited deposition testimony appears to be premised on the previously disclosed opinion of Snyder's damages expert that Beam realized $13.7 million in ill-gotten profits from the use of the Spreadsheets. (ECF No. 92-1 at 8.) In this way, the Court also fails to see how the cited evidence pertains to anything other than "the value Beam ultimately realized from the spreadsheets after obtaining them"—*i.e.,* evidence Snyder has agreed is not independently relevant to his claims and that he will not seek to introduce during his case-in-chief unless Defendant "opens the door." *See* Section B *supra.*

that Beam's relative success in fundraising in 2019 proves that Beam had "plans to monetize [the Spreadsheets]" and believed "that the spreadsheets would enhance Beam's fundraising efforts" at the time it was recruiting in Snyder in 2018.  (ECF No. 199 at 1.)

Despite these reservations, however, the Court declines to issue a final ruling on the admissibility of specific evidence at this time.  Instead, its ruling is limited to the following: The Motion is denied to the extent the Court will permit Snyder to introduce evidence, if it exists, of *Beam's*—not Snyder's or his expert's—subjective perception of the value of the Spreadsheets, including any belief Beam may have held about the significance of the Spreadsheets to its fundraising efforts undertaken at or near the time it was recruiting Snyder.  The Motion is granted, however, to the extent that the Court will not permit general reference to Beam's overall financial worth or realized fundraising success which is untethered to its objectives or efforts in recruiting Snyder.  As is always the case, the Court will rule on the admissibility of specific evidence on an objection-by-objection basis in the context of trial.

**B.    Evidence of the Spreadsheets' Objective or Realized Value**

As framed by Snyder, "[t]he second category of evidence consists of evidence concerning the value Beam ultimately realized from the spreadsheets after obtaining them."  (ECF No. 199 at 7.)  Snyder submits that he "may seek to introduce" such evidence "*if* Defendant opens the door by contending the spreadsheets were insignificant or worthless."  (*Id.* at 2.)

Beam unequivocally represents in reply that it "has no intention of affirmatively eliciting testimony related to the value of the Spreadsheets."  (ECF No. 210 at 5.)

Rather, it states that "if Snyder makes the claim that he was hired only so that Beam obtain the Spreadsheets[,] then Beam must be able to clarify their level of interest in them when compared with other aspects of Plaintiff's prospective employment." (*Id.*) Beam suggests, for instance, that it "may compare references in written communication to the Spreadsheets to other, written reasons for hiring Plaintiff such as his experience selling insurance through brokers." (*Id.* at 4.)

The Court agrees with Beam that, if Snyder is permitted to introduce evidence of Beam's subjective perception of the relative importance of the Spreadsheets to its decision to hire Snyder, then Beam should be able to do the same. The Court further agrees with Beam that evidence of how Beam contemporaneously viewed the Spreadsheets as "compared with other aspects of Plaintiff's prospective employment" does not amount to evidence that the Spreadsheets are objectively "worthless" and thus should not "open the door to a valuation battle." (*Id.* at 4.)

In light of the foregoing representations, the Court is left to conclude that neither party intends to introduce evidence of the objective value of the Spreadsheets or the value Beam actually realized from use of the Spreadsheets during their case-in-chief. The Court will hold the parties to these representations and, as a consequence, the Motion is denied as moot to the extent it seeks to preclude evidence of the same.

### III.    CONCLUSION

For the reasons set forth above, the Court ORDERS that Defendant's Omnibus Motion *in Limine* (ECF No. 187) is granted in part, denied in part, and denied as moot in part, as more fully set forth above.

Dated this 6th day of August, 2026.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge