**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 20-cv-3255-WJM

JOHN SNYDER,

Plaintiff,

v.

BEAM TECHNOLOGIES, INC.,

Defendant.

---

## ORDER DENYING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL REPORT

---

Before the Court is Defendant Beam Technologies, Inc.'s ("Beam" or "Defendant") Motion to Strike Plaintiff's Supplemental Report (the "Motion"). (ECF No. 221.) Plaintiff John Snyder filed a response. (ECF No. 225.)

For the reasons set forth below, the Motion is denied.

## I. ANALYSIS

In advance of the Final Trial Preparation Conference ("TPC") on August 6, 2026, Snyder raised the need for an "updated 409(a) valuation for Beam Technologies, . . . which will be used for final calculations for Plaintiff's [damages] expert, Nick Adamy." (ECF No. 202.) Following a colloquy with the parties regarding this issue at the TPC, the Court "order[ed] defendant to provide the plaintiff with the most recent . . . 409(a) valuation . . . to the defendant by no later than August 7th." (Tr. 37:23–38:1.)[1] It then

[1] Quotations from the TPC are taken from the rough draft of the transcript ("Tr.") prepared by the Court Reporter, which is subject to revision before it is finalized.

"order[ed] plaintiff's expert, Mr. Adamy, to update his report by no later than . . . August 11th," with the update "limited solely to an updating of the value of the Beam stocks which form the basis for that component of the damages calculation that is a function of alleged lost stock options." (Tr. 38:6–11.) Snyder produced Adamy's supplemental report to Beam on August 10, 2026. (ECF No. 221 at 1.)

Beam now moves to strike Adamy's supplemental report on the grounds that the "amended report significantly changes both the amount of damages claimed and the mechanism of calculating damages." (*Id.*) As summarized by Beam, the changes include (1) a different "underlying method for calculating total wages,"[2] (2) an increase to the "discount rate," and (3) and a change in the manner "Adamy accounted for mitigating earnings." (*Id.* at 3–4.) Beam contends the prejudice resulting to it from these amendments is "significant," as its rebuttal damages expert has "indicated that it would [be] very difficult to modify her response to this supplement, whether or not any additional report were required." (*Id.* at 4.)

Snyder submits that Beam "overstates the nature of the updates and any potential prejudice" in the Motion. (ECF No. 225 at 1.) He acknowledges that the Court's Minute Order following the TPC limited Adamy to updating calculations related to Beam's most recent 409A valuation and the corresponding value of Snyder's claimed stock options. (*See* ECF No. 811.) But he elaborates that "the discussion of the 409A valuation occurred against the backdrop of discussions related to an update to Adamy's

[2] Notably, Beam acknowledges the change in methodology has actually resulted in a reduction in Snyder's claimed total wages, from $2,168,374 in Adamy's opening report to $1,862,815 in the supplemental report. Nonetheless, Beam contends the supplemental report "substantially increases damages overall." (ECF No. 221 at 3.)

four-year-old lost-earnings analysis." (*Id.* at 1–2.) Thus, according to Snyder, the supplemental report "calculates the same lost-earnings damages using the same basic framework Adamy disclosed in 2022" but "bring[s] that four-year-old analysis current for trial," consistent with "the lost earnings update the parties had previously contemplated." (*Id.* at 2.)

There appears no meaningful dispute that Adamy's supplemental report is untimely disclosed, per the deadlines set forth in Fed. R. Civ. P. 26(a)(2)(D) and Fed. R. Civ. P. 26(e). Accordingly, the Court's analysis is guided by Fed. R. Civ. P. 37(c), which provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.,* 170 F.3d 985, 993 (10th Cir. 1999) (citation omitted). While "[a] district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose," its analysis is nonetheless guided by the following factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id.*

Foremost, as to the first factor, the Court is unpersuaded that Adamy's supplemental report and the updates within it can reasonably be characterized as a surprise to Beam. Both parties acknowledge that counsel conferred "last April"

regarding Snyder's intent to produce a supplemental damages report "with updated information based on Mr. Snyder's recent financial picture." (ECF No. 225-1 at 6; *see also* ECF No. 221 at 4.) To be sure, the Court takes a dim view of the fact that plaintiff's counsel waited until the eve of trial to produce this updated report. But it is equally confounded by the fact that defense counsel apparently made no request (of either plaintiff's counsel or the Court) that Adamy's anticipated supplemental report be produced in sufficient time for Beam's rebuttal damages expert to likewise update her report accordingly. To the contrary, defense counsel virtually admitted at the TPC he's been sitting idly by, in stating: "I've been wondering in the back of my mind about Mr. Adamy['s] supplemental report . . . ." (Tr. 34:23–24.)

Further to the first (and second) factors, the Court is convinced that any prejudice resulting to Beam from Adamy's late-disclosed report is limited and can be mitigated to at least some extent. Examining the three purportedly "principal and substantial changes" of which Beam complains, two of the three updates appear, as Snyder explains, to purely consist of updated calculations based on actual, as opposed to theoretical, figures. (ECF No. 221 at 33.) For instance, Adamy's updated discount calculation applies the current 4.5% Treasury rate to calculate historical losses for 2023–2025, whereas his previously disclosed report used the then-current 3% Treasury rate in 2022 to calculate what were, at that time, future losses. Likewise, Adamy's updated mitigation analysis is "the result of replacing theoretically mitigated earnings with actual mitigated earnings." (ECF No. 225 at 3.) The Court agrees with Snyder that updating four-year-old calculations based on projected assumptions with actual, realized data does not amount to a wholesale change in methodology.

Concededly, Beam may have a more legitimate complaint when it comes to the first change raised in the Motion, regarding Adamy's revised compensation calculation. Even Snyder's description of that update suggests to the Court that Adamy has, to a limited extent, approached his calculation of Snyder's lost compensation in a slightly different manner than his previously disclosed report. (*See* ECF No. 225 at 3 (submitting that Adamy "applies previously disclosed compensation components more conservatively and results in a lower damages calculation").) Nevertheless, the Court takes note that the substantive portion of Adamy's analysis, excluding appended supporting documentation, is a mere ten pages. (ECF No. 226.) Beam anticipates that its rebuttal expert, Dr. Vanderhart, will testify on August 20, 2026. (ECF No. 218.) Ten days is adequate time, in the Court's view, for Beam's rebuttal expert to review ten pages of substantive analysis and formulate an opinion about the three changes Beam has identified.

Nonetheless, in acknowledgement of the fact that there is insufficient time for Beam's damages expert to produce an updated written report before her anticipated trial testimony, and in an effort to reduce the prejudice to Defendant, the parties are on notice the Court will not limit Dr. Vanderhart's trial testimony to the scope of her previously disclosed rebuttal report at trial. Instead, it will permit her wide latitude to respond to the opinions raised in Adamy's supplemental report, and Plaintiff will not be heard to object to trial testimony of Dr. Vanderhart which exceeds the scope of her written disclosures, given that this less-than-ideal procedure has been necessitated solely by the extraordinarily tardy production of Plaintiff's supplemental report.

As to the third factor, Beam has not identified any concrete disruption to trial that

would result if Adamy is permitted to testify to his updated calculations in the supplemental report. (ECF No. 221 at 5 (stating only that "the disruption to trial is difficult to predict").) And as to the fourth factor, Beam concedes "there is no evidence of an intent to withhold this report until August 10 to gain an advantage at trial, . . . and Defendant does not assert that Plaintiff or his counsel acted in bad faith." (*Id.*)

Thus, all considered, the Court concludes the *Woodworker's Supply* factors counsel against the drastic sanction of striking Adamy's supplemental report and in favor of denying the Motion, with the caveat that Beam's rebuttal damages expert, Jennifer Vanderhart, PhD, will be permitted wide latitude to testify regarding any updates in Adamy's supplemental report at trial, as explained above.

## II. CONCLUSION

For the reasons set forth above, the Court ORDERS that Defendant's Motion to Strike (ECF No. 221) is DENIED.

Dated this 14th day of August, 2026.

BY THE COURT:

______________________
William J. Martínez
Senior United States District Judge